# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE RAY ALLEN,<br><br>    Petitioner,<br><br>    v.<br><br>D. SAMUEL,<br><br>    Respondent. | Case No. 1:21-cv-01088-DAD-EPG-HC<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 15) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 3, 2022, the undersigned issued findings and recommendation to deny the petition for writ of habeas corpus. (ECF No. 14). On March 28, 2022, Petitioner filed the instant motion for an extension of time to file objections to the findings and recommendation due to the delay in receiving the findings and recommendation. Petitioner also moves for appointment of counsel. (ECF No. 15).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to

appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he does not understand the issues of his case, he has no access to the law library due to the COVID-19 pandemic, and there is no inmate to assist him. Upon review of the petition, Petitioner's filings in this matter, and the instant motion for appointment of counsel, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED to and including June 6, 2022, to file his objections to the findings and recommendation; and
2. Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **April 4, 2022**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE